# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW UNGER, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br> vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>         Defendant. | Civil Action No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Matthew Unger, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Samsung Electronics America, Inc. ("Samsung" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

## PRELIMINARY STATEMENT

1. When a manufacturer sells a product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. When a manufacturer discovers a defect, it must explicitly disclose the defect and make it right or cease selling the product. When a product manufacturer provides a warranty, it must stand by that warranty. This case arises from Defendant's breach of its duties and warranties.

2. Plaintiff brings this action on behalf of herself, and all other similarly situated persons who purchased any of the following models of Samsung Ranges [1] ("Recalled Ranges", "Class Ranges", or "Ranges"):

| | | | |
|---|---|---|---|
| NE58K9430SS/AA | NE58N9430SG/AA | NE58R9431SG/AA | NE58R9431SS/AA |
| NE58R9431ST/AA | NE58F9500SS/AA | NE58K9500SG/AA | NE58F9710WS/AA |
| NE58K9850WS/AA | NE58K9850WG/AA | NE58K9852WG/AA | NE58H9950WS/AA |
| NE58R9311SS/AA | NE63T8111SG/AA | NE63T8111SS/AA | NE63T8311SG/AA |
| NE63T8311SS/AA | NE63BG8315SSAA | NE63CB831512AA | NE63BB851112AA |
| NE63T8511SG/AA | NE63T8511SS/AA | NE63T8511ST/AA | NE63A8711QN/AA |
| NE63BB871112AA | NE63T8711SG/AA | NE63T8711SS/AA | NE63T8711ST/AA |
| NE63T8751SG/AA | NE63T8751SS/AA | | |

3. This action is brought to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling, and warranting of the Recalled Ranges.

4. Specifically, the front-mounted heat control knobs of these Recalled Ranges can be activated by accidental contact by humans or pets, posing a fire hazard ("the Defect").[2]

5. On August 8, 2024, Samsung recalled over 1.1 million of the above referenced Recalled Ranges.[3]

---

[1] https://www.cpsc.gov/Recalls/2024/Samsung-Recalls-Slide-In-Electric-Ranges-Due-to-Fire-Hazard (last accessed August 12, 2024.)
[2] *Id.*
[3] *Id.*

6. The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed Plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

8. This Court has personal jurisdiction over Defendant Samsung because Defendant Samsung has purposefully availed itself to this District's jurisdiction and authority, given Defendant's minimum contacts within this District through Defendant's extensive marketing, advertising, and sale of items throughout this District.

9. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. The Defendant sells and distributes its Ranges throughout the United States and within this District.

## PARTIES

10. Matthew Unger is a citizen of the State of New York and resides in Old Bethpage, New York. Old Bethpage is located within Nassau County, New York.

11. Defendant Samsung Electronics America, Inc., is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.

12. Defendant designs, manufactures, markets, distributes, services, repairs, and sells steam Ranges, including the Recalled Ranges, nationwide. Defendant is the warrantor and distributor of the Recalled Ranges in the United States.

13. Defendant, through various entities, markets, distributes, warrants, and sells Ranges, including the Recalled Ranges, in multiple locations across the United States.

## FACTUAL ALLEGATIONS

14. In or around April 2017, Plaintiff purchased his NE58K9850WG Samsung Range from P.C. Richard & Son in Oceanside, New York.

15. Plaintiff's Range has a model number that is included within Defendant's Recall.[4]

16. Based on Samsung's active and persistent promotions touting the quality of its Ranges, Plaintiff considered Samsung a quality company with a strong reputation for producing reliable Ranges.

17. In addition to Samsung's reputation through its marketing and promotion, Plaintiff decided on the specific model because he believed it was a high-quality Range.

18. Plaintiff has never been informed of any recalls or defects related to his Range by anyone affiliated with Samsung and has learned of the defects on social media.

19. Since May of 2013, Defendant has designed, manufactured, distributed, and sold the Recalled Ranges. Defendant has sold, directly or indirectly, through dealers and other retail outlets, over 1,120,000 Recalled Ranges nationwide.[5]

20. Mentioned earlier and discussed in more detail below, the Recalled Ranges contain a design defect that causes a serious safety concern. The design defect with the Recalled Ranges

---

[4] *Id.*
[5] *Id.*

4

is contained in the front-mounted knobs of the ranges. This Defect leads to accidental activation posing fire and burn hazards.

21. To date, Samsung has received over 300 reported incidents of accidental activation, 250 of which led to fires and at least 18 leading to substantial property damages. Moreover, approximately 40 injuries have been reported, eight of which required medical attention, and there have been reports of seven fires involving pet deaths.[6]

22. Assuming that the Recall was effective and offered a true resolution, Plaintiff is still burdened with a Range that has been devalued by Defendant's actions because the value of a Range with a known and dangerous defect is worth much less than a Range with a properly working and safe electrical cord.

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **Nationwide Class:** All persons in the United States who purchased any recalled Samsung Range from May 2013 to August 2024.
>
> **New York Subclass:** All persons from the State of New York who purchased any recalled Samsung Range from May 2013 to August 2024.

24. Together, the Nationwide Class and New York Subclass will be collectively referred to as the "Class" or "Classes." Members of these Classes will be referred to as "Class Members".

25. Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraphs.

---

[6] *Id.*

26. Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendant; (iii) an employee of the Court where this action is pending.

27. The proposed class definitions in ¶ 26 as limited by ¶ 29 may be amended or modified from time to time.

28. The particular members of the (i) Nationwide Class, and (ii) New York Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

29. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30. The Proposed Classes are so numerous that the joinder of all members is impracticable.

31. This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

32. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

33. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Range that contained the same Defect found in all other Recalled Ranges.

34. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent and highly experienced in complex and class action litigation, and he intends to prosecute this action vigorously. The interests of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

35. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

36. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

   a. Whether the Samsung Ranges designed and sold by Defendant possess a material defect;

   b. Whether the Defect creates an unreasonable fire or burn risk;

   c. Whether Defendant knew or should have known that the Samsung Ranges possessed the Defect at the time of sale;

   d. Whether Defendant omitted to disclose the Defect;

   e. Whether Defendant concealed the Defect, once it knew of the defect;

f. Whether Defendant breached express warranties relating to the Samsung Ranges;

g. Whether Defendant breached implied warranties of merchantability relating to the Samsung Ranges;

h. Whether Defendant violated the Magnusson-Moss Warranty Act;

i. Whether Plaintiff and Class Members are entitled to damages;

j. Whether Plaintiff and Class Members are entitled to replacement or repair of their defective Samsung Ranges;

k. Whether Plaintiff and Class Members are entitled to restitution of the purchase price they paid for their defective Samsung Ranges; and

l. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

## CAUSES OF ACTION

### COUNT I
### BREACH OF EXPRESS WARRANTY
**(On Behalf of Plaintiff and the Classes)**

37. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38. Plaintiff brings this count on behalf of himself and the Classes.

39. Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Ranges. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

40. Under the UCC, the terms of the contract include the promises and affirmations of fact made by Defendant on the Recalled Ranges' packaging and through marketing and advertising, as described above.

41. This labeling, marketing, and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the members of the Class and Defendant.

42. As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Recalled Ranges are safe for their intended use.

43. Plaintiff and the members of the Class performed all conditions precedent to Defendant's liability under this contract when they purchased the Recalled Ranges.

44. Defendant breached express warranties about the Recalled Ranges and their qualities because Defendant's Recalled Ranges contained defects and the Recalled Ranges do not conform to Defendant's affirmations and promises described above.

45. Plaintiff and each of the members of the Class would not have purchased the Recalled Ranges had they known the true nature of the Defect.

46. As a result of Defendant's breach of warranty, Plaintiff and Class Members suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

47. Plaintiff suffered injury through Defendants conduct in that he suffered economic loss and purchased a Range that is now worthless and unsafe.

48. Plaintiff also suffered economic loss in reference to the value of his Range.

49.

## COUNT II
## UNJUST ENRICHMENT
### (On Behalf of Himself and the Classes)

50. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

51. Plaintiff brings this count on behalf of himself and the Classes.

52. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Ranges.

53. Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

54. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the Recalled Ranges without providing properly functioning heat control knobs in the Recalled Ranges, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

55. The circumstances, as described herein, are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

56. Defendant manufactured, marketed, and sold the Recalled Ranges under the guise of these Ranges being safe and operable, without faulty heat control knobs. Instead, Defendant sold Ranges that were deadly fire hazards and burn risks, given the heat control knob issues.

57. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT III
### DECEPTIVE ACTS OR PRACTICES, NEW YORK GBL § 349
**(On Behalf of Himself and the Classes)**

58. Plaintiff incorporate by reference all the allegations contained in the foregoing paragraphs as if fully set forth herein.

59. New York General Business Law Section 349 ("GBL § 349") states "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

60. Defendant's conduct alleged herein includes deceptive acts and practices in violation of GBL § 349.

61. Plaintiff and the New York Subclass seek monetary damages against Defendant, enjoining them from deceptively labeling, marketing, promoting, and describing the Ranges. There is no adequate remedy at law.

62. Defendant failed to disclose that the Ranges have a Defect. Defendant induced Plaintiff and the New York Subclass to purchase Defendant's Ranges because had they known of the Defect, Plaintiff would not have bought the Ranges. Defendant made the false and/or misleading statements and omissions willfully, wantonly, and with reckless disregard for the truth.

63. The Ranges were mislabeled, unsafe, and worthless and thus, Plaintiff and the New York Subclass have incurred damages.

64. Defendant advertised the Ranges as safe, which induced consumers including Plaintiff and the New York Subclass Members to buy Defendant's Ranges.

65. Defendant's deceptive and misleading practices are in violation of New York General Business Law §349(a) and thus, Plaintiff and the New York Subclass have incurred damages.

66. Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, punitive, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## COUNT IV
## FALSE ADVERTISING, NEW YORK GBL § 350

**(On Behalf of Himself and the Classes )**

67. Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

68. N.Y. Gen. Bus. Law § 350 states in part: "False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful."

69. N.Y. Gen. Bus. Law § 350a(1) states in part:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

70. Defendant's labeling/advertisements of the Ranges contain false and materially misleading statements and omissions because it represents that the Ranges are safe and nowhere on the packaging does it say that the Ranges are subject to inadvertent or accidental activation.

71. Defendant labeled, packaged, and advertised the Ranges, which were labeled incorrectly, unsafe, and worthless. Accordingly, Plaintiff and the New York Subclass have incurred damages.

72. Defendant's advertising, packaging, and labeling made consumers including Plaintiff and the New York Subclass buy Defendant's Ranges. If Plaintiff had known that the Ranges had a dangerous defect, Plaintiff would not have bought the Ranges.

73. Defendant made its false and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

74. Defendant's conduct is in violation of N.Y. Gen. Bus. Law § 350.

75. Defendant made the material misrepresentations described herein in its advertising and on the Ranges' labeling.

76. Defendant's misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large. Consumers purchasing the Ranges were and continue to be exposed to Defendant's material misrepresentations.

77. Plaintiff and Class members have suffered damages in an amount to be determined at trial and are entitled to any incidental, consequential, punitive, and other damages and other legal and equitable relief, as well as cost and attorneys' fees, available under law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

F. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: August 14, 2024  Respectfully Submitted,

**SULTZER & LIPARI, PLLC**

By:*/s/ Philip J. Furia*
Philip J. Furia, Esq.
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
furiap@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com


-AND-

Paul J. Doolittle Esq. (*Pro Hac Vice* forthcoming)
Seth Little Esq. (*Pro Hac Vice* forthcoming)
**POULIN | WILLEY ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
　　　seth.little@poulinwilley.com
　　　cmad@poulinwilley.com